UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

          Plaintiff,

                            **HONORABLE AVERN COHN**

    v.

                            **No. 05-80955-2**

**DEMETRIUS EDWARD FLENORY (2),**

          Defendant.

_____/


**PLEA HEARING**

**Monday, November 19, 2007**

Appearances:

Michael C. Leibson
Dawn N. Ison                   James L. Feinberg
U.S. Attorney's Office       Law Offices
211 W. Fort Street, #2300   2632 Buhl Building
Detroit, Michigan  48226    Detroit, Michigan 48226
(313) 226-9100           (313) 962-8280
  On behalf of Plaintiff

                         Drew Findling
                         Alixe E. Steinmetz
                         Findling Law Firm
                         3490 Piedmont Road, #600
                         Atlanta, Georgia  30305
                         (404) 460-4500
                           On behalf of Defendant


- - -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*Detroit, Michigan*
*(313)965-4401 • sward@fedreporter.com*
*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

*Plea Hearing*
*Monday, November 19, 2007*

**I N D E X**

Plea Hearing                                                  Page

Factual Basis for the Plea .....................11

Findings of the Court ..........................15

Certification of Reporter ......................16

- - -

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*                                    3

| | |
|---|---|
| 1 | Detroit, Michigan |
| 2 | Monday, November 19, 2007 |
| 3 | 2:08 p.m. |
| 4 | - - - |
| 5 | **THE CLERK:**  Now calling Case Number 05-80955, |
| 6 | *United States of America v. Demetrius Flenory*, Defendant |
| 7 | Number 2.  Will counsel please identify themselves for the |
| 8 | record. |
| 9 | **MS. ISON:**  For the record, Your Honor, Dawn Ison |
| 10 | for the government and Michael Leibson. |
| 11 | **MR. FEINBERG:**  James L. Feinberg, Drew Findling, |
| 12 | and Alixe Steinmetz for Mr. Flenory, and Mr. Flenory is to |
| 13 | my left. |
| 14 | **THE COURT:**  I recognize him by the color of his |
| 15 | clothing. |
| 16 | You are Demetrius Flenory? |
| 17 | **THE DEFENDANT:**  Yes. |
| 18 | **THE COURT:**  You are the person named in the |
| 19 | indictment returned October 20, 2005? |
| 20 | **THE DEFENDANT:**  Yes, sir. |
| 21 | **THE COURT:**  And you are here to plead guilty to |
| 22 | Counts 3 and 10? |
| 23 | **THE DEFENDANT:**  Yes. |
| 24 | **THE COURT:**  Before accepting your plea I have a |
| 25 | number of questions to ask to be sure it's a good plea and |

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

4

1    you know what you are doing.  If you don't understand a

2    question, say so.  If you want to talk to your lawyer, say

3    so.

4            Swear the defendant.

5        **THE CLERK:**  Raise your right hand.

6                        -   -   -

7                    **DEMETRIUS FLENORY,**

8        being first duly sworn by the deputy clerk to

9        tell the truth, was examined and testified

10        upon his oath as follows:

11        **THE COURT:**  Do you understand if you don't answer

12    a question truthfully you can be charged with perjury?

13        **THE DEFENDANT:**  Yes.

14        **THE COURT:**  How old are you, sir?

15        **THE DEFENDANT:**  39.

16        **THE COURT:**  How far did you go in school?

17        **THE DEFENDANT:**  10th grade.

18        **THE COURT:**  Have you ever been under a doctor's

19    care or in a hospital for drug addiction?

20        **THE DEFENDANT:**  No.

21        **THE COURT:**  Have you had any drugs or medicine or

22    anything to drink in the last 24 hours?

23        **THE DEFENDANT:**  No.  Well, I had an acid reflux

24    pill.

25        **THE COURT:**  Okay.  Do you have a lawyer?

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

5

1          **THE DEFENDANT:**  No.  A wire, what?

2          **THE COURT:**  A lawyer.

3          **THE DEFENDANT:**  Yes.

4          **THE COURT:**  You have a lawyer, right?  Right?

5          **THE DEFENDANT:**  I have a lawyer, yes.

6          **THE COURT:**  Okay.  Have you had a chance to talk

7     to your lawyers?

8          **THE DEFENDANT:**  Yes.

9          **THE COURT:**  And you are satisfied with them?

10         **THE DEFENDANT:**  Yes.

11         **THE COURT:**  You understand that under our

12    Constitution and laws you are entitled to a jury trial on

13    the charges against you?

14         **THE DEFENDANT:**  Yes.

15         **THE COURT:**  You understand if there was a trial

16    you would be presumed innocent, the government would have to

17    overcome the presumption, prove you guilty by competent

18    evidence beyond a reasonable doubt, and you would not have

19    to prove you were innocent?

20         **THE DEFENDANT:**  Yes.

21         **THE COURT:**  Do you understand if there was a trial

22    witnesses for the government would have to come in the

23    courtroom and testify in front of you, your lawyer could

24    cross-examine the witnesses, object to the evidence offered

25    by the government, and offer evidence on your behalf?

1           **THE DEFENDANT:**  Yes.

2           **THE COURT:**  You understand if there was a trial

3    you would have the right to use subpoenas to force the

4    attendance of witnesses whether they wanted to come into the

5    courtroom or not?

6           **THE DEFENDANT:**  Yes.

7           **THE COURT:**  You understand if there was a trial

8    you would have the right to testify if you wanted to, you

9    would have the right not to testify, and no inference or

10   suggestion of guilt could be drawn from the fact that you

11   did not testify?

12          **THE DEFENDANT:**  Yes.

13          **THE COURT:**  You understand if you plead guilty and

14   I accept your plea you waive your right to a trial and all

15   of the other rights I have described, there is not going to

16   be a trial, and I will simply enter a judgment of guilty and

17   sentence you on the basis of your guilty plea?

18          **THE DEFENDANT:**  Yes.

19          **THE COURT:**  If you plead guilty you also

20   understand you waive your right not to incriminate yourself

21   since I may ask you questions about what you did to satisfy

22   myself that you are guilty and you will have to acknowledge

23   the fact that you are guilty?

24          **THE DEFENDANT:**  Yes.

25          **THE COURT:**  Considering all that I have said, are

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

```
 1    you willing to give up all of these rights and plead guilty?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Have you read the indictment?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Have you discussed with your lawyer

 6    the charges, particularly Counts 3 and 10 which you intend

 7    to plead guilty to?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  In Count 3 the offense is continuing

10    criminal enterprise.  Do you know what the maximum

11    punishment under law is for that?

12              THE DEFENDANT:  Yes, life.

13              THE COURT:  Count 10 is money laundering.  Do you

14    know what the maximum punishment under the law is for that?

15              THE DEFENDANT:  I think 20.

16              THE COURT:  That's right.  Has anyone threatened

17    you or forced you to plead guilty?

18              THE DEFENDANT:  No, sir.

19              THE COURT:  There has been a plea agreement --

20              MS. ISON:  On the CCE, Your Honor, there is a

21    mandatory minimum as well.

22              THE COURT:  Okay.  Well, all I asked him is if he

23    understands the maximum under the law.

24              There has been a plea agreement between you and

25    the government, right?
```

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

8

1           **THE DEFENDANT:**  Yes.

2           **THE COURT:**  What's your understanding of the

3    agreement?

4           **THE DEFENDANT:**  That I won't be enhanced.

5           **THE COURT:**  Pardon?

6           **THE DEFENDANT:**  That I couldn't be --

7           **THE COURT:**  Well, first of all, what's the

8    sentencing range?

9           **THE DEFENDANT:**  30 to life.

10          **THE COURT:**  And that's on the basis of guidelines?

11          **THE DEFENDANT:**  Right.

12          **THE COURT:**  That's a recommended?

13          **THE DEFENDANT:**  Right.

14          **THE COURT:**  And that takes into account your

15   criminal history and the nature of your offenses?

16          **THE DEFENDANT:**  Right.

17          **THE COURT:**  And there's a minimum, right?

18          **THE DEFENDANT:**  30.

19          **THE COURT:**  20 years, right?

20          **MS. ISON:**  That's by statute, Your Honor.

21          **THE COURT:**  By law, but there's also a provision

22   in the agreement, isn't there, that I can't --

23          **MR. FEINBERG:**  No, the agreement is that the

24   guidelines are 30 to life, but --

25          **THE COURT:**  Let me do it.

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

1           **MR. FEINBERG:**  Okay.  I'm sorry.

2           **THE COURT:**  You know, that's why I took the job.

3           However, the Court must impose a sentence of

4    imprisonment on Count 3 of at least 20 years.

5           **MR. FEINBERG:**  Yes.

6           **THE COURT:**  That's a provision of the agreement,

7    right?

8           **MR. FEINBERG:**  Yes.

9           **THE DEFENDANT:**  On both counts.

10           **THE COURT:**  Well, I understand, but there is a

11    provision that I have to give you at least 20 years?

12           **THE DEFENDANT:**  Right.

13           **THE COURT:**  And if I don't the government can

14    withdraw from this deal?

15           **THE DEFENDANT:**  Right.

16           **THE COURT:**  Okay.  When you go to prison after you

17    get out there's a period of supervised release?

18           **THE DEFENDANT:**  Yes.

19           **THE COURT:**  Right?

20           **THE DEFENDANT:**  Yes.

21           **THE COURT:**  There is also a $200 special

22    assessment, right?

23           **THE DEFENDANT:**  Yes.

24           **THE COURT:**  And I can impose a fine on either

25    count up to $250,000, right?

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  And if I let you withdraw your guilty

 3    plea for any reason, they can use these statements made here

 4    today against you, right?

 5              THE DEFENDANT:  I guess, yes.

 6              THE COURT:  Okay.  And there is also a forfeiture,

 7    but there is nothing specific set forth in the forfeiture,

 8    right?

 9              THE DEFENDANT:  Right.

10              THE COURT:  And if I accept this agreement and we

11    go forward, any other charges against you are dismissed,

12    right?

13              THE DEFENDANT:  Yes.

14              THE COURT:  And if we don't exceed what the

15    agreement says, you have no right to appeal, right?

16              THE DEFENDANT:  Right.

17              THE COURT:  And if it should turn out that your

18    criminal history is different than that which you have all

19    agreed upon, I can go higher, right, but you can't get out

20    of it?

21              THE DEFENDANT:  Go higher than what, 30?

22              THE COURT:  Yeah.  I don't know how I can go

23    higher because I think that -- but there is that provision,

24    is there not?

25              MR. LEIBSON:  There is.  It's a standard
```

1    provision, but it's essentially moot.

2              **THE COURT:**  What?  You agreed that his criminal

3    history is 2?

4              **MR. LEIBSON:**  Yes.

5              **THE COURT:**  Okay.

6              **MS. ISON:**  Yes, Your Honor.

7              **THE COURT:**  Okay.  Have we now gone over the

8    agreement?

9              **MS. ISON:**  Yes.

10              **MR. FEINBERG:**  Yes.

11              **THE COURT:**  Has anyone made any promises to you

12    other than this plea agreement to get you to plead guilty?

13              **THE DEFENDANT:**  No.

14              **THE COURT:**  You know I'm not obligated to accept

15    this agreement, and if I don't, I'll tell you here in open

16    court, in which event you can continue your plea or withdraw

17    it, but I'm not bound by it?

18              **THE DEFENDANT:**  Yes.

19              **THE COURT:**  Has anyone made any prediction or

20    prophesy or promise to you as to what I'm going to do?

21              **THE DEFENDANT:**  No.

22              **THE COURT:**  Did you, as charged in Count 3, engage

23    in a continuing criminal enterprise?

24              **THE DEFENDANT:**  Yes.

25              **THE COURT:**  What did you do?

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

12

```
 1              THE DEFENDANT:  I --

 2              THE COURT:  You don't have to go into all of the

 3     details, but briefly.

 4              THE DEFENDANT:  I just, I was the leader of a few

 5     individuals that was involved in the case.

 6              THE COURT:  You were a leader of a group of people

 7     who were involved --

 8              THE DEFENDANT:  Yeah, I supervised them.

 9              THE COURT:  Supervised them.  Involved in dealing

10     in controlled substances?

11              THE DEFENDANT:  Yes.

12              THE COURT:  And laundering money?

13              THE DEFENDANT:  Yes.

14              THE COURT:  And it was an extensive operation?

15              THE DEFENDANT:  Yes.

16              THE COURT:  It lasted a long time?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Okay.  And part of it took place here

19     in Michigan, right?

20              THE DEFENDANT:  Yes.

21              THE COURT:  And you used telephones and other

22     sorts of things, right?

23              THE DEFENDANT:  Yeah.  I didn't use no telephones,

24     but --

25              THE COURT:  You didn't, but others did?
```

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

13

1          **THE DEFENDANT:**  Yes.

2          **THE COURT:**  You knew what was going on?

3          **THE DEFENDANT:**  Yes.

4          **THE COURT:**  And you made money on it?

5          **THE DEFENDANT:**  Yes.

6          **THE COURT:**  Do you have anything more, Ms. Ison,

7    on Count 3?

8          **MR. LEIBSON:**  Yes.

9          **THE COURT:**  Go ahead.

10          **MR. LEIBSON:**  Would the defendant admit that he

11    supervised at least five other individuals that are named on

12    the indictment?

13          **THE DEFENDANT:**  Yes, I did.

14          **MR. LEIBSON:**  And that there were at least

15    three transactions that violated Title 21, that is, either

16    cocaine distribution or phone counts, and that he as part of

17    this was involved in at least three of those?

18          **THE DEFENDANT:**  Yes.

19          **THE COURT:**  Okay.  Count 10 charges you with money

20    laundering.  Did you engage in money laundering?

21          **THE DEFENDANT:**  Yes.

22          **THE COURT:**  Tell me what you did.

23          **THE DEFENDANT:**  I bought a couple of vehicles.

24          **THE COURT:**  Well, you took drug proceeds?

25          **THE DEFENDANT:**  Yes.

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*                    14

1              THE COURT:  Cash?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And you bought things with it?

4              THE DEFENDANT:  Yes.

5              THE COURT:  And, by the way, both on Count 3 and

6     Count 10 you knew this was against the law?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Anything more?

9              MS. ISON:  You also purchased real estate in

10    others' names, is that correct, or others purchased real

11    estate on your behalf?

12             THE DEFENDANT:  Yeah, I leased real estate.  I

13    didn't purchase it.  I leased it.

14             MS. ISON:  Did others purchase real estate on your

15    behalf?

16             THE DEFENDANT:  Yes.

17             MS. ISON:  And those properties were purchased

18    with drug proceeds?

19             THE DEFENDANT:  Yes.

20             MS. ISON:  Okay.  And you received a substantial

21    amount of income from your involvement in this conspiracy;

22    is that right?

23             THE DEFENDANT:  Yes.

24             MS. ISON:  And you were one of the principal

25    leaders of this organization; is that right?

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*

15

1            **THE DEFENDANT:**  Yes.

2            **THE COURT:**  Anything more?

3            **MS. ISON:**  I think that does it, Your Honor.

4            **THE COURT:**  What?

5            **MS. ISON:**  I think that's it.

6            **THE COURT:**  Since you acknowledge you are in fact

7     guilty as charged in Count 3 and in Count 10; since you know

8     you have a right to trial and what the maximum punishment

9     is; since you are voluntarily pleading guilty, I accept your

10    plea and enter a judgment of guilty.

11            I find your plea is free and voluntary, you

12    understand the charges and penalties, the plea agreement has

13    been properly executed, and there is a factual basis for the

14    pleas.

15            The clerk is ordered to enter the pleas of guilty.

16    You now stand convicted on Counts 3 and 10.  I'm going to

17    obtain a presentence investigation report.  Your lawyers

18    will explain to you what that is.  You will be expected to

19    cooperate with the probation officer in furnishing

20    information for the report and you will be expected to be

21    back here for the time and date set for your sentencing.  If

22    you are in custody, I'm sure you will be.  Thank you.

23            **MR. FEINBERG:**  Thank you, Judge.

24            **MR. FINDLING:**  Your Honor, I do want to let you

25    know because we have talked about this before, we have

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007*                          16

1     talked with the government and they have talked with the

2     U.S. Attorney's Office in the Eastern District of Texas.

3     Immediately after the sentencing in this case our

4     understanding is that that U.S. Attorney's Office will

5     dismiss the federal case in the Eastern District of Texas.

6               **MS. ISON:**  That is correct, Your Honor.

7               **THE COURT:**  Okay.  That's part of the agreement?

8               **MS. ISON:**  Yes, Your Honor.

9               **MR. FEINBERG:**  Thank you, Judge.

10              **THE COURT:**  Thank you.

11          (Proceedings concluded at 2:17 p.m.)

12                        -   -   -

13                 **C E R T I F I C A T I O N**

14          I, Sheri K. Ward, official court reporter for the

15     United States District Court, Eastern District of

16     Michigan, Southern Division, appointed pursuant to the

17     provisions of Title 28, United States Code, Section 753,

18     do hereby certify that the foregoing is a correct

19     transcript of the proceedings in the above-entitled cause

20     on the date hereinbefore set forth.

21          I do further certify that the foregoing

22     transcript has been prepared by me or under my direction.

23

24     _Sheri Ward_                         October 3, 2008

25     Sheri K. Ward                        Date Completed
       Official Court Reporter

       *05-80955-2; U.S.A. v. Demetrius Flenory (2)*