```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

   v.

                              **No. 05-80955-2**

**DEMETRIUS EDWARD FLENORY (2),**

        Defendant.

_____/

**SENTENCING HEARING**

**Friday, September 12, 2008**

Appearances:

```
Dawn N. Ison
Julie A. Beck                  James L. Feinberg
U.S. Attorney's Office         Law Offices
211 W. Fort Street, #2300      2632 Buhl Building
Detroit, Michigan  48226       Detroit, Michigan 48226
(313) 226-9100                 (313) 962-8280
  On behalf of Plaintiff

                               Drew Findling
                               Findling Law Firm
                               3490 Piedmont Road, #600
                               Atlanta, Georgia   30305
                               (404) 460-4500
                                 On behalf of Defendant
```

                          - - -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*Detroit, Michigan*
*(313)965-4401 • sward@fedreporter.com*
*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

*Sentencing Hearing*
*Friday, September 12, 2008*

**I N D E X**

<u>Sentencing Hearing</u>                                      <u>Page</u>

Argument by Mr. Findling  ........................3

Argument by Mr. Feinberg  ........................7

Allocution by The Defendant  .....................7

Argument by Ms. Ison  ............................7

Argument by Mr. Findling  ........................9

Argument by Ms. Ison  ...........................10

Sentence of the Court ...........................10

Certification of Reporter .....................11

- - -

```
 1                              Detroit, Michigan
 2                              Friday, September 12, 2008
 3                              2:28 p.m.
 4                          -  -  -
 5          THE CLERK:  Now calling Case Number 05-80955,
 6   Defendant Number 2, United States of America v.
 7   Demetrius Flenory.  Will counsel please identify themselves
 8   for the record.
 9          MS. ISON:  Again, good afternoon, Your Honor.
10   Dawn Ison for the government.
11          THE COURT:  Mr. Flenory, you are here on your plea
12   of guilty to a violation of Count 2, I believe, Continuing
13   Criminal Enterprise, and Count 10, Conspiracy to Launder
14   Monetary Instruments.
15          I have received a presentence report from the
16   probation office, which recommends an Offense Level of 42
17   and a Criminal History Category of II, which calls for a
18   guideline range of 360 months to life on Count 2, 240 months
19   maximum on Count 1.  I take it there are no additions,
20   deletions or corrections to the presentence report and what
21   I have said is accurate.
22          You may address the Court or your lawyer may
23   address it or both of you may address it.
24          MR. FINDLING:  Your Honor, Drew Findling.
25   Your Honor, very briefly.  Just to address the chronology of
```

```
 1   our entering the guilty plea on behalf of Mr. Flenory, at
 2   the conclusion of the reviewing of voluminous discovery,
 3   wire taps, DEA 6's, I think my best count was over 14,000
 4   pages, once we completed that review, Mr. Flenory, as one of
 5   the prosecutors said in our plea negotiations, manned up and
 6   immediately told us he wanted to enter a guilty plea in this
 7   case.  One of the things, as we put in our memorandum, that
 8   he asked for even though he had not been in communication --
 9             **THE COURT:**  You filed a memorandum?
10             **MR. FINDLING:**  Yes, we did.
11             **MR. FEINBERG:**  It was this morning.
12             **THE CLERK:**  I didn't get it.
13             **MR. FEINBERG:**  I have a copy, if the Court wishes.
14             **THE COURT:**  Well, we'll take a five-minute break
15   while I read it.
16             **MS. ISON:**  Thank you, Your Honor.
17             **THE COURT:**  Everybody can be seated.
18             **MR. FINDLING:**  Thank you.
19             **THE COURT:**  One minute, one minute.
20             Well, there seems to be a dispute whether or not
21   this conspiracy began while defendant was still on probation
22   from the March 20, 1991 sentence out of Recorder's Court.
23   Is that the government's position?
24             **MS. ISON:**  I don't know that it makes much
25   difference, Your Honor, but --
```

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

1    **THE COURT:**  Because the Recorder's was one-year
2  probation, so --
3    **MS. ISON:**  What was the year, Your Honor?  I'm
4  sorry, I don't remember.
5    **THE COURT:**  Does this conspiracy extend back to
6  before March 20th, 1992?
7    **MS. ISON:**  Yes, Your Honor.
8    **THE CLERK:**  '91.
9    **THE COURT:**  No, '91 is when the sentence was
10  imposed.
11    **MS. ISON:**  It does, Your Honor, before then, yes.
12  So it's the government's position that he was on probation
13  during the course of the conspiracy.
14    **THE COURT:**  The government's position is the
15  conspiracy began in 1990.  There is nothing to the contrary.
16    **MR. FINDLING:**  We don't think that's going to
17  effect sentencing.
18    **THE COURT:**  It doesn't effect sentencing.  Well,
19  but you raised the objection so I have to resolve it.  I
20  find that the Criminal History Category of II is correct.
21    **MS. ISON:**  Thank you, Your Honor.
22    **MR. FINDLING:**  Your Honor, again with the
23  chronology, we notified the government that it was, that it
24  was Mr. Flenory's intention to enter a guilty plea.
25    **THE COURT:**  Are you saying that he should get --

1   the government should have filed a motion for substantial
2   assistance?
3           **MR. FINDLING:**  No, we are not saying that.  We are
4   saying that in mitigation.
5           **THE COURT:**  Just so we are clear.
6           **MR. FINDLING:**  With that in mind, Your Honor, we
7   made, we made arrangements with the Court and the
8   U.S. Attorney's Office to arrange an opportunity for
9   Demetrius Flenory to be able to meet with his brother Terry
10  to let him know that he, even though they hadn't
11  communicated in years, that he intended to enter a guilty
12  plea and he was advising his brother to do the same.  As he
13  will address the Court, he felt it was time to bring the
14  case to an end and to draw a conclusion for so many people
15  who had been damaged by the case.
16          I cannot tell you with certainty that that is what
17  influenced Mr. Flenory, Mr. Terry Flenory.  I do know that
18  once Demetrius Flenory entered his plea I think within
19  48 hours Terry Flenory, who was apparently going to go to
20  trial, came before Your Honor and entered his plea.  And as
21  we feel the Court is aware, the trial of Demetrius and/or
22  Terry Flenory would have been a whole different process
23  altogether in terms of the resources, how time-consuming it
24  would have been, and things to that degree.
25          So we feel that Demetrius Flenory did realize his

1  need to enter a guilty plea and did realize that the number
2  one codefendant in the case he needed to speak to, and that
3  was his brother.
4          Mr. Feinberg.
5          **MR. FEINBERG:**  The only thing that we would ask is
6  Mr. Demetrius Flenory has had a long history of drug use and
7  that the Court recommend the intensive drug treatment
8  program and also recommend the facilities in Jesup, the
9  federal correctional institution in Jesup or the Atlanta
10 correctional facility.  He has family in the Atlanta area
11 that this would be very convenient for them to be able to
12 maintain a relationship with him.
13         **THE COURT:**  Do you want to say something?
14         **MR. FEINBERG:**  Or Northern Florida if those are
15 not available.
16         **THE DEFENDANT:**  Yes, Your Honor.  I just want to
17 say that I feel bad really for this going on so long and for
18 all the families that me and my brother got in trouble
19 during this big ordeal.  You know, I don't think I'm sorry
20 is really the right words to say because most people is only
21 sorry that they got caught.  So I just ask that you show me
22 as much leniency as possible so that I can get on and do my
23 time.  I'm just tired of being in the county jail.  I have
24 been there for three years.
25         **MS. ISON:**  Your Honor, I would just say that

1    Mr. Demetrius Flenory didn't plead until November 2007.
2    That was nearly two years after he was indicted in this
3    case.  The government agrees that Mr. Flenory, when he did
4    have this epiphany, that he did try to make arrangements to
5    assist his brother with pleading as well.  That meeting did
6    not go very well, as counsel is well aware.  In fact, it was
7    disastrous.
8            And I don't know if the Court recalls that
9    Mr. Flenory was here in the morning or at some point during
10   the court and still demanding a jury trial.  All of the
11   parties left the courtroom, and it was his father,
12   Charles Flenory, who the government believes was
13   instrumental in convincing Terry Flenory to plead guilty.
14   Possibly Mr. Demetrius Flenory's meeting with him had some
15   impact, but I think the greatest impact came from his
16   father.
17           Your Honor, in this case, much like in his
18   brother's case, they both were coleaders, and the government
19   believes that the guideline range reflected in the Rule 11
20   is sufficient but not greater than necessary to satisfy the
21   goals of 18 United States Code 3553.  As the Court is aware,
22   both brothers were facing mandatory life, and the government
23   removed that particular charge from the indictment and
24   believes that this guideline range is an appropriate
25   sentence in this case.

1     **THE COURT:**  Is there a forfeiture aspect of this?

2     **MS. BECK:**  Yes, there is, Your Honor.  For the

3  record Mr. Flenory did sign a preliminary order on

4  June 17th of 2008, which has been entered by the Court, and

5  as reflected in his Rule 11 and the preliminary order, we

6  would like to request that the J and C reflect the money

7  judgment and I have also sent that language to the court for

8  inclusion in the J and C.

9     **THE COURT:**  Do you have an order for me to sign?

10    **MS. BECK:**  The signature is at the bottom part of

11 the stipulation that we sent so there's not one for you to

12 sign right now, but --

13    **THE COURT:**  Thank you.

14    **MS. BECK:**  Thank you.

15    **MR. FINDLING:**  Your Honor, could I just address

16 one thing for one second?

17          That was -- there were two things.  One was we

18 acknowledge that is correct, that meeting was a disaster.

19 There was just use of different Mr. Flenorys, and I just

20 want to be clear that we acknowledge that meeting was a

21 disaster, but it was a disaster because Mr. Demetrius

22 Flenory was trying to persuade his brother to plea.  And the

23 prosecutor is correct, his brother after a long meeting

24 rejected his attempt to persuade him to plea.  It was after

25 the guilty plea of Demetrius Flenory at some time within the

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

1   next couple of days he pled.
2           The second thing is that we agreed at the plea
3   that the pending case in Texas, Federal District Court in
4   Texas would be dismissed by the government after this Court
5   sentenced him, and we just wanted to make sure that on the
6   record we acknowledge that.
7           **MS. ISON:** Yes, Your Honor. I intend to contact
8   the Assistant United States Attorney in the Eastern District
9   of Texas. It is our agreement and understanding that they
10  will dismiss that particular indictment once
11  Mr. Demetrius Flenory has been sentenced here today.
12          **THE COURT:** I have already commented on the
13  Court's view of the matter at hand so I'm not going to
14  repeat that for this sentence. Everybody who is here heard
15  it.
16          It is the sentence of the Court that you be
17  committed to the custody of the Bureau of Prisons on Count 2
18  for a term of 360 months, on Count 10 for a term of
19  240 months to run concurrently, a $200 special assessment,
20  five years of supervised release on Count 2, three years of
21  supervised release on Count 10 to run concurrently, and a
22  special assessment of $200.
23          The Court will recommend an institution in the
24  area of Atlanta, Georgia up to the discretion of the Bureau
25  of Prisons. Thank you.

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

1         **MS. ISON:**  Thank you, Your Honor.

2         **MR. FEINBERG:**  Your Honor, what about the

3    intensive drug program?

4         **THE COURT:**  The Court will also recommend

5    participation in the intensive drug program.

6         **MR. FEINBERG:**  Thank you.

7         **MS. ISON:**  Thank you, Your Honor.

8         **MS. BECK:**  Thank you.

9         **THE COURT:**  We are in recess.

10        (Proceedings concluded at 2:40 p.m.)

11                         -   -   -

12                    **C E R T I F I C A T I O N**

13        I, Sheri K. Ward, official court reporter for the

14   United States District Court, Eastern District of

15   Michigan, Southern Division, appointed pursuant to the

16   provisions of Title 28, United States Code, Section 753,

17   do hereby certify that the foregoing is a correct

18   transcript of the proceedings in the above-entitled cause

19   on the date hereinbefore set forth.

20        I do further certify that the foregoing

21   transcript has been prepared by me or under my direction.

22

23   *Sheri Ward*                         October 6, 2008
24   Sheri K. Ward                        Date Completed
     Official Court Reporter
25

                         -   -   -

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*