UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                    Case No. 05-80955-02

                                                        HON. AVERN COHN

DEMETRIUS EDWARD FLENORY,

    Defendant/Petitioner.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 22 U.S.C. § 2255. Petitioner Demetrius Edward Flenory (Petitioner) plead guilty under a Rule 11 agreement to continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 21 U.S.C. § 848 and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Petitioner was sentenced to 360 months of imprisonment. Petitioner did not file a direct appeal. Petitioner later filed a pro se motion to vacate his sentence under § 2255, claiming that his constitutional rights had been violated. He specifically claimed that (1) his guilty plea was fraudulently obtained, (2) he received ineffective assistance of counsel during his plea negotiations, (3) Congress lacked authority to enact 21 U.S.C. § 801, (4) the charge of conspiracy and CCE violates the Constitution and statutes enacted by Congress, (5) Congress lacked the authority to enact Rule 11, and (6) Petitioner was not indicted by a valid

grand jury. The Court denied the motion for lack of merit. See Memorandum and Order filed December 11, 2009.

Before the Court is Petitioner's motion for reconsideration or, in the alternative, motion for a certificate of appealability. For the reasons that follow, the motion is DENIED.

II.

As to Petitioner's request for reconsideration, E.D. Mich. LR 7.1(g) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Petitioner fails to satisfy this standard. While Petitioner disagrees with the Court's analysis and resolution of his claims and says the Court misinterpreted certain aspects of his claims, he has not convinced the Court that it erred in concluding his claims lacked merit. Moreover, the Court does not find that it misinterpreted his claims such that the result should be different.

III.

As to Petitioner's request for a certificate of appealability (COA), a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In the Sixth Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

Petitioner raised several claims, as noted above. The Court carefully considered each claim and found they each lacked merit. For the reasons stated in the Memorandum and Order of December 11, 2009, reasonable jurists would not debate the Court's conclusions.

SO ORDERED.

Dated: January 22, 2010            s/Avern Cohn  
                                           AVERN COHN  
                                           UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Demetrius Flenory, # 13037-078, FCI Jesup, Federal Correctional Institution, 2680 301 South, Jesup, GA 31599 and the attorneys of record on this date, January 22, 2010, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160