UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DEMETRIUS EDWARD FLENORY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

FILED
Nov 18, 2010
LEONARD GREEN, Clerk

Demetrius Edward Flenory, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence, construed as filed pursuant to 28 U.S.C. § 2255. This court construes the notice of appeal as an application for a certificate of appealability. *See* Fed. R. App. P. 22(b).

Pursuant to a Federal Rule of Criminal Procedure 11 agreement, Flenory pleaded guilty to conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848 and conspiring to launder money in violation of 18 U.S.C. § 1956(h). In 2008, the district court sentenced him to 360 months of imprisonment. Flenory did not appeal.

In his motion to vacate sentence, Flenory claimed that: 1) his guilty plea was obtained by fraud; 2) his attorney was ineffective during the plea negotiations; 3) Congress lacked the authority to enact the Controlled Substances Act (CSA), 21 U.S.C. §§ 801-971; 4) the charges of conspiracy and continuing criminal enterprise violate the Constitution and statutes enacted by Congress; 5) Congress lacked the authority to enact Federal Rule of Criminal Procedure 11; and 6) he was not indicted by a valid grand jury. The district court denied Flenory's motion to vacate sentence and found no grounds upon which to grant him a certificate of appealability.

Upon consideration, Flenory's application for a certificate of appealability is denied because he has not made a substantial showing of the denial of a federal constitutional right for the reasons

2:05-cr-80955-AC-RSW Doc # 625 Filed 11/18/10 Pg 2 of 4 Pg ID 7806

No. 10-1214
- 2 -

set forth in the district court's memorandum and order of December 11, 2009. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

Flenory first contended that the prosecution fraudulently induced his guilty plea by adding indictment counts that had no legal basis. The district court, however, by complying with the requirements of Federal Rule of Criminal Procedure 11, properly determined that Flenory knowingly and voluntarily entered a guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntarily made with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Lalonde*, 509 F.3d 750, 759-60 (6th Cir. 2007); *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

Flenory executed a plea agreement, and the terms of that agreement were summarized in open court. The district court also explained the elements of the offenses and consequences of Flenory's plea in terms of the possible length of sentence. The district court addressed Flenory's right to plead not guilty, his right to trial by jury, the right to counsel, the right to cross-examine witnesses, and the right to subpoena witnesses. The defendant stated that he understood these rights and that he was waiving them. The district court went further to explain the presumption of innocence, the government's burden to prove its case beyond a reasonable doubt, and Flenory's right to remain silent. The charges against Flenory were set forth in open court, and Flenory endorsed the factual basis as true and accurate. Thus, the court met Rule 11's requirements. Consequently, the record reveals that Flenory knowingly, intelligently, and voluntarily pleaded guilty.

Flenory claimed that his attorney was ineffective because counsel should have known the indictment was "bad" and should not have pursued a plea agreement. To establish ineffective assistance of counsel, a petitioner must show both that his attorney's performance was deficient and that his defense was prejudiced by counsel's alleged errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Flenory did not establish that his attorney performed deficiently. Rather, Flenory merely contended – without support – that the indictment was "bad." His contention is meritless for the reasons that follow.

Flenory argued that Congress lacked the authority to enact 21 U.S.C. §§ 801, 848, and Federal Rule of Criminal Procedure 11. Flenory's challenge to the constitutionality of the CSA is foreclosed by precedent. *See, e.g., United States v. Brown*, 276 F.3d 211, 214-15 (6th Cir. 2002) (noting that the circuit courts have consistently rejected the argument that Congress lacks the authority to regulate drug crimes that occur solely intrastate); *United States v. Scales*, 464 F.2d 371, 373 (6th Cir. 1972) (concluding that Congress did not exceed its powers under the Commerce Clause by enacting § 841). As the Supreme Court recently noted, it is well-established that Congress has the power "to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce," including the possession and distribution of illegal drugs. *Gonzales v. Raich*, 545 U.S. 1, 17, 20-22 (2005) (upholding constitutionality of the CSA as applied to the intrastate manufacture and possession of marijuana for personal medical use). Flenory's challenge to the constitutionality of Rule 11 is similarly foreclosed. *See Goldberg*, 862 F.2d at 106.

Finally, Flenory contended that he was not indicted by a valid grand jury. Flenory argued that "the words 'grand jury' were construed by their authors since 1906 and that Congress had no authority to change the *meaning* or the *intent* of the Fifth Amendment's authors, rendering all grand jury proceedings since then unconstitutional." The grand jury's evolution since 1906 does not render Flenory's grand jury invalid. *See United States v. Smith*, 687 F.2d 147, 149 (6th Cir. 1982).

Accordingly, Flenory's application for a certificate of appealability is denied. All outstanding motions are also denied.

ENTERED BY ORDER OF THE COURT

Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Leonard Green | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 18, 2010

Mr. Demetrius Edward Flenory
F.C.I. Jesup
2680 Highway 301, S.
Jesup, GA 31599

     Re: Case No. 10-1214 , *Demetrius Flenory v. USA*
       Originating Case No. : 09-13459 : 05-80955-002

Dear Sir,

 The Court issued the enclosed Order today in this case.

            Sincerely yours,

            s/Sue Burlage
            Case Manager
            Direct Dial No. 513-564-7012

cc: Ms. Dawn N. Ison
  Mr. David J. Weaver

Enclosure

No mandate to issue