# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 11, 2021

Wade G. Fink
Lippitt O'Keefe Gornbein
370 E. Maple Road
Third Floor
Birmingham, MI 48009

Mr. Andrew Goetz
Ms. Dawn N. Ison
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re: Case No. 20-1767, *USA v. Demetrius Flenory*
Originating Case No. : 2:05-cr-80955-2

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0089n.06

Case No. 20-1767

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA,** | ) ) ) | |
| *Plaintiff-Appellee*, | ) ) | **FILED**<br>Feb 11, 2021<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN** |
| **DEMETRIUS FLENORY,** | ) ) | |
| *Defendant-Appellant.* | ) ) | |

Before: BATCHELDER, GRIFFIN, and BUSH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Demetrius Flenory, a convicted felon serving a 30-year sentence in federal prison, moved for compassionate release via 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his medical conditions put him at increased risk from Covid-19. The district court considered Flenory's claims, determined that he had not shown "extraordinary and compelling reasons" to justify his release, and denied the motion. We AFFIRM.

Back in 2007, Flenory entered guilty pleas to charges of continuing criminal enterprise, 21 U.S.C. § 848, and conspiracy to launder monetary instruments, 18 U.S.C. § 1956(h). At his sentencing, the court described him as a leader of a vast, multi-state drug-trafficking operation with an extensive criminal history, including prior convictions for drug, weapons, and assault offenses. The court sentenced him to 360 months in prison, which was the bottom of the Guidelines range. He is confined at FCI Sheridan where he has committed several infractions, warranting discipline, over the course of his incarceration, and has slightly under 11 years remaining on his original sentence. He is 52 years old and, according to his medical records, suffers from high blood pressure, high cholesterol, esophageal reflux, lower back pain, and obesity.

Case No. 20-1767, *United States v. Flenory*

He claimed that these medical conditions made him especially susceptible to a severe case of Covid-19.

The district court acknowledged the "extraordinary and compelling" situation presented by the Covid-19 pandemic and "that certain traits among the population predispose certain individuals to complications from the virus, should they become infected." *United States v. Flenory*, No. 05-80955, 2020 WL 4345073, at *3 (E.D. Mich. July 29, 2020). Despite finding that "Flenory possesses very few of those traits" and that "his high blood pressure and high cholesterol . . . are treated with medication and have not resulted in any serious or severe complications," the court assumed "that Flenory's medical conditions put him at some elevated level of risk." *Id*.

Even accepting that medical risk, however, the court nonetheless found that Flenory "still has not demonstrated that he is entitled to the extraordinary remedy of compassionate release." *Id.* Specifically, in considering the § 3553(a) factors, the court pointed to Flenory's serious crimes ("Flenory led one of the largest drug trafficking organizations in the history of this district") and criminal history ("Flenory has an extensive criminal history, with previous convictions on various drug, weapons, and assaultive offenses"), that 136 months remained on his original 30-year sentence, and that, while incarcerated, he had "lost a combined 135 days of Good Conduct Credit for various serious disciplinary violations, some of which resulted in placement in solitary confinement," due to infractions such as his "possessing a small piece of a razor blade." *Id*. The court concluded that these risk factors "weigh heavily against a sentence reduction." *Id*. at *4.

We review for an abuse of discretion the district court's denial of compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020).

2

Case No. 20-1767, *United States v. Flenory*

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004. The statute does not define extraordinary and compelling reasons, but instead delegates that task to the Sentencing Commission. 28 U.S.C. § 994(t); *Ruffin*, 978 F.3d at 1004. The Sentencing Commission put that definition in the commentary to USSG § 1B1.13, at cmt. n.1. But we have held that § 1B1.13 "is not an 'applicable' policy statement" when the defendant moves for compassionate release on his own behalf, and therefore, in such cases, district courts have "full discretion" to determine whether extraordinary and compelling reasons exist, without reference to § 1B1.13. *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020).

As noted above, the district court found that Flenory failed to show extraordinary and compelling reasons for compassionate release. In reaching that conclusion, the district court did not rely on § 1B1.13. In fact, the court expressly rejected the government's invocation of § 1B1.13, finding it inapplicable under the circumstances before it. *Flenory*, 2020 WL 4345073, at *2. We reject Flenory's supplemental argument for remand based on the subsequent *Jones* opinion.

Flenory raises two arguments in his brief. First, he complains that the district court ignored the "overwhelming" medical evidence that he provided to demonstrate his medical risk. But the court *accepted* Flenory's claimed medical risk. The court denied Flenory compassionate release based on its assessment of Flenory in light of "the need to protect the public from [his committing] further crimes[,] . . . the seriousness of [his original] offense, [and] the need to promote respect for the law[] and afford adequate deterrence to criminal conduct." *Id*. (editorial and quotation marks omitted). None of Flenory's medical evidence addresses (and certainly would not change) any of those factors, nor does Flenory argue as much. This medical-evidence argument leads nowhere.

3

Flenory's other complaint is that the court ignored his sentencing-disparity argument, which was based on his brother's receiving compassionate release despite having committed the same crimes with the same culpability, entering the same guilty plea, and receiving the same 30-year sentence. But the sentencing-disparity factor that Flenory refers to in his argument, namely § 3553(a)(6), "concerns national disparities within a class of similar defendants, not disparities between one defendant and another." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Flenory has not argued any national disparity. Moreover, Flenory's brother did not receive compassionate release; the Bureau of Prisons transferred him to home confinement, which is fundamentally different. Compassionate release is a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). Home confinement is a change in the location of incarceration, § 3624(g)(2)(A), subject to revocation and return to prison, § 3624(g)(5). *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) ("The CARES Act expands the power of the Bureau of Prisons to 'place a prisoner in home confinement' as an alternative to compassionate release.").

Even if that were not the case, in denying Flenory's prior motion, the court had distinguished his brother's circumstances, finding that his brother had different physical conditions (including blindness from a detached retina, daily medication, and prescription compression stockings), a shorter remaining sentence (by 68 months), and "a clean prison record." *United States v. Flenory*, 458 F. Supp. 3d 602, 605 (E.D. Mich. 2020). Flenory argues that, according to his medical experts, the physical conditions are indistinguishable (particularly now that Flenory is also obese), and that his brother did not have a "clean" prison record, but had two infractions, one for fighting and refusing to obey an order and another for possessing an unspecified unauthorized item. We do not find these new facts so compelling as to convince us that the district court necessarily abused its discretion by distinguishing Flenory from his brother, but even if the two were indistinguishable, a sentencing disparity is just one of the factors the court considers. As

with the medical evidence, none of the facts about Flenory's brother (or his similarity to Flenory) changes any of the § 3553(a) factors the court relied on: namely, protecting the public from further crimes, upholding the seriousness of the offense, promoting respect for the law, and deterring criminal conduct.  A court does not abuse its discretion by refusing to place sentencing disparity alone above the other factors.

The district court did not misapply the law or rely on clearly erroneous facts in finding that Flenory did not show extraordinary or compelling circumstances.  Thus, it did not abuse its broad discretion in denying relief.  *See Ruffin*, 978 F.3d at 1005; *Flowers*, 963 F.3d at 500.

We AFFIRM the judgment of the district court.

5